BERZON, Circuit Judge,
concurring:
I fully concur in Judge Fletcher’s opinion for the court. I write only to emphasize that unjust and sometimes bizarre results will follow if § 2G2.2 is applied by district courts without a special awareness of the Guideline’s anomalous history, *965 chronicled in the court’s opinion and elsewhere. See Troy Stabenow, Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines, Jan. 1 2009 (unpublished comment).[1] I briefly draw attention to two of the odd features of § 2G2.2, both of which were discussed at greater length in the Second Circuit’s opinion in United States v. Dorvee, 616 F.3d 174 (2d Cir.2010). See id. at 186-88.
First, an unduly deferential application of § 2G2.2 will lead to the vast majority of offenders being sentenced to near the maximum statutory term. Because of the history of Congressional involvement, the base offense level for possession of child pornography is already a relatively high 18 (compared to 10 for the same offense in 1991). Enhancements for the use of a computer, depictions of prepubescent minors, portrayal of sadistic or masochistic conduct and the involvement of over 600 images — all of which apply in a majority of cases and some of which apply in more than 90% of them — add up to create an effective base offense level of 31. See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteiistics Fiscal Year 2009.[2] As a result, absent a reduction for acceptance of responsibility, an ordinary first-time offender could easily face a guideline range of 108 to 135 months — in other words, a guideline range at, and extending beyond, the extreme upper edge of the statutory range. (The statutory maximum is ten years, with no mandatory minimum. See 18 U.S.C. § 2252(b)(2)). Cf. Dorvee, 616 F.3d at 186-87. Such a concentration of nearly all offenders near the statutory maximum stands in significant tension with a sentencing judge’s duties “to consider every convicted person as an individual,” Gall v. United States, 552 U.S. 38, 52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (quotation omitted), and to impose a sentence no “greater than necessary” to achieve § 3553(a)’s objectives. See 18 U.S.C. § 3553(a); see also Gall, 552 U.S. at 55, 128 S.Ct. 586 (noting “the need to avoid unwarranted similarities among [defendants] who were not similarly situated”).
Second, as the Second Circuit explained, § 2G2.2 often recommends longer sentences for those who receive or distribute images of minors than the applicable Guidelines recommend for those who actually engage in sexual conduct with minors. See Dorvee, 616 F.3d at 187. Such a result is particularly illogical, given that one of the frequently advanced justifications for harshly penalizing those who distribute or possess child pornography is the concern that such individuals could, if not restrained and deterred, later sexually abuse children — one would think, a much more serious offense. See, e.g., 149 Cong. Rec. S5114 (daily ed. Apr. 10, 2003) (statement of Sen. Orrin Hatch) (“Congress has long recognized that child pornography produces three distinct, disturbing, and lasting harms to our children. First, child pornography whets the appetites of pedophiles and prompts them to act out their perverse sexual fantasies on real children. Second, it is a tool used by pedophiles to break down the inhibitions of children. Third, child pornography creates an immeasurable and indelible harm on the children who are abused to manufacture it.”).
For better or worse, we must live with § 2G2.2: it is on the books and so must be the “ ‘starting point and initial benchmark’ ” for district judges sentencing those convicted of child pornography offenses. Kimbrough v. United States, 552 *966 U.S. 85, 108, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (quoting Gall, 552 U.S. at 49, 128 S.Ct. 586). But, like any Guideline, § 2G2.2 is merely advisory. District judges who, after having considered § 2G2.2, conclude that it constitutes bad advice should be encouraged to reject it as such. See Kimbrough, 552 U.S. at 113, 128 S.Ct. 558 (Scalia J., concurring) (emphasizing that “the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines”).

. Available at http://www.fd.org/pdOib/ child% 20porn% 20july% 20revision.pdf (last visited Apr. 19, 2011).

. Available at http://ftp.ussc.gov/gl_freq/09_ glmexgline.pdf (last visited Apr. 19, 2011).